UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-CV-21438-UU

**SAMUEL DUPLESSY**,

    Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**

    Respondent.
_____/

## RESPONSE IN OPPOSITION TO PETITIONER'S WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

U.S. Immigration and Customs Enforcement (ICE) (Respondent), by and through their undersigned counsel, file this response in opposition to Samuel Duplessy's (Petitioner) petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Petition) wherein he argues that his removal by ICE is unlawful because he derived United States citizenship from his father. (DE:1:6). His claim fails because the District Court lacks jurisdiction over the claim pursuant to 8 U.S.C. § 1252(a)(5), and, even if the District Court had jurisdiction, he has not derived citizenship. Accordingly, his Petition should be denied.

### FACTUAL BACKGROUND

Petitioner is a native and citizen of Haiti. *See* Exhibit A, Record of Deportable/Inadmissible Alien (Form I-213). On June 21, 1991 he was admitted to the United States in Miami, Florida, as a lawful permanent resident. *See* Exhibit A; Exhibit B, Notice to Appear. His mother, Marcia Jerome, is a lawful permanent resident. *See* Exhibit A, Form I-213 at 3. His father, Joseph Duplessy, became a naturalized United States citizen on August 18, 1996. *Id*.

On January 9, 2001, Petitioner was convicted in Orange County, Florida for Uttering Forged Bills and Petit Theft.  *See* Exhibit B; Exhibit C, conviction records. On April 19, 2004, Petitioner was convicted again in Orange County, Florida for Uttering Forged Bills.  *See* Exhibit B; Exhibit C, conviction records.

As a result of these convictions, Petitioner was detained by ICE and issued a Notice to Appear in January 2007, placing him in removal proceedings. *See* Exhibit B; Exhibit D, Enforce Alien Removal Module ("EARM") Detention History.  He appeared before an immigration judge at the Krome Service Processing Center in Miami, Florida.  On July 25, 2007 Petitioner was granted relief from removal in the form of cancellation of removal for lawful permanent residents.  *See* Exhibit E, Decision of the Immigration Judge.

On February 10, 2012, Petitioner was convicted for Delivery of Cocaine in Orange County, Florida and sentenced to two days in jail and 30 months of supervised probation.  *See* Exhibit F, cocaine conviction records.

On August 17, 2012, Petitioner was served with a Notice to Appear, charging him with removability under Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, [codified at 8 U.S.C. § 1227(a)(2)(A)(ii)], as an alien who has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct, Section 237(a)(2)(A)(iii) [codified at 8 U.S.C. § 1227(a)(2)(A)(iii)], as an alien who has been convicted of an aggravated felony, and Section 237(a)(2)(B)(i) [codified at 8 U.S.C. § 1227(a)(2)(B)(i)], as an alien who has been convicted of a controlled substance violation.

Petitioner appeared before an Immigration Judge in Orlando, Florida.  The Immigration Judge denied his application for relief on March 12, 2015. *See* Exhibit G, Oral Decision of the Immigration Judge.   The Immigration Judge also found that the court could not rule on the constitutionality of the derivative citizenship statute. *Id*. at 17.

The Board of Immigration Appeals ("Board") dismissed his appeal on March 16, 2016. *See* Exhibit H, Decision of the Board of Immigration Appeals. In its decision, the Board found that neither it nor the Immigration Judge had the authority to address Petitioner's claim that his Equal Protection rights were violated because he did not benefit from the Child Citizenship Act and because he did not derive citizenship under prior citizenship statutes. *Id*. at 4. Petitioner did not appeal the decision of the Board to the Eleventh Circuit Court of Appeals.

On November 8, 2018, Petitioner was arrested in Orange County, Florida for driving with a suspended license. *See* Exhibit A. Petitioner was taken into custody by ICE on November 8, 2018. *See* Exhibit D. ICE immediately began processing Petitioner for removal to Haiti. Petitioner was nominated for an ICE charter flight to Haiti in December 2018. *See* Exhibit I, Declaration of Deportation Officer Christopher Palazzo at ¶ 7.

On December 17, 2018, Petitioner, through counsel, filed a motion to reopen with the Board of Immigration Appeals. The motion does not raise any claim to U.S. citizenship. *See* Exhibit J, Motion to Reopen.

On December 18, 2018, the Board issued a stay of removal pending its ruling on Petitioner's motion to reopen. *See* Exhibit K, Decision of the Board of Immigration Appeals. Petitioner was then removed from the December 2018 flight. *See* Exhibit I.

On January 30, 2020, the Board denied the motion to reopen. *See* Exhibit L, Decision of the Board of Immigration Appeals. Petitioner again failed to seek review of the Board's decision before the court of appeals. Enforcement and Removal Operations ("ERO") immediately began scheduling Petitioner for a removal flight. Petitioner was scheduled for a flight in early March, 2020; however, due to a delay in receipt of clearance from the government of Haiti, Petitioner was removed from the flight manifest. *See* Exhibit I at ¶ 9. On March 26, 2020, the government of Haiti approved Petitioner for removal. *Id*. Petitioner is currently scheduled for a flight on a date certain no later than the end of April 2020. *Id*. at ¶ 10.

3

On April 3, 2020, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 claiming that his removal by ICE is unlawful because he derived United States citizenship from his father. (DE:1:6).

## ARGUMENT

### I. THE COURT LACKS JURISDICTION OVER THE CITIZENSHIP CLAIM PURSUANT TO 8 U.S.C. § 1252(a)(5)

Petitioner claims that he is not subject to removal because he derived citizenship from his father (DE:1:6). The District Court lacks jurisdiction to hear that claim because the proper forum is the Eleventh Circuit Court of Appeals via a petition for review. *See* 8 U.S.C. § 1252(b)(5); *Nunez-Elias v. Johns*, 2013 U.S. Dist. LEXIS 46166, *5, 2013 WL 1289054 (S.D. Ga., Mar. 4, 2013). The petition for review is filed after proper exhaustion of the administrative remedies. *See Henriquez v. Ashcroft*, 269 F. Supp.2d 106, 108 (E.D. N.Y. 2003); *Sundar v. INS*, 328 F.3d 1320, 1323-24 (11th Cir. 2003) (noting that the exhaustion requirement is jurisdictional and applies equally to habeas corpus proceedings).

In this case, Petitioner has raised his claim of derivative citizenship pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and not pursuant to a petition for review with the Eleventh Circuit Court of Appeals.

Further, Petitioner did not exhaust his administrative remedies because he never argued he derived citizen from his father in his appeal to the Board of Immigration Appeals. Instead, he raised a different argument, which was that his Equal Protection rights were violated because he did not benefit from the Child Citizenship Act and did not derive citizenship under prior citizenship statutes. *See* Exhibit H, Decision of the Board of Immigration Appeals at 4. Accordingly, the District Court lacks jurisdiction over the claim pursuant to 8 U.S.C. § 1252(b)(5).

## II. EVEN IF THERE IS JURISDICTION, PETITIONER DOES NOT DERVIVE CITIZENSHIP

In determining the point at which an individual derives citizenship through a parent's naturalization, the law in effect when the last material condition is met is generally controlling. *See Matter of Rodriguez-Tejedor*, 23 I&N Dec. 153, 163 (BIA 2001) (under INA § 320, as amended by the CCA, "an individual will automatically derive citizenship when the last material condition has been met"); *Matter of L-*, 7 I&N Dec. 512 (R.C. 1957) (same under former INA § 321).

1. <u>Derivation under the Child Citizenship Act (CCA), INA § 320</u>

Under the CCA, INA § 320, which took effect on February 27, 2001, a child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

> (1)   At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
> (2)   The child is under the age of eighteen years.
> (3)   The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

In this case, Petitioner was born on April 11, 1979. Therefore, he was not under the age of eighteen on February 27, 2001. Accordingly, there is no probative evidence that the claimant derives U.S citizenship under the CCA.

2. <u>Derivation under Former INA § 320 (Amended by CCA)</u>

Under former INA section 320, which applies to individuals who were born prior to February 27, 2001, and who meet the requirements of this provision prior to its repeal on February 27, 2001, a child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions were fulfilled:

> (1)   At least one parent of the child is a citizen of the United States, at the time of the child's birth, and never ceased to be a United States citizen;
> (2)   The alien parent naturalizes;

5

> (3) The child is under the age of eighteen years, when such naturalization takes place; and
> (4) The child is residing in the United States pursuant to a lawful admission for permanent residence at the time of naturalization or thereafter, and begins to reside permanently in the United States while under the age of 18.

In this case, Petitioner does not derive citizenship pursuant to former INA § 320 because there is no evidence that at least one of Petitioner's parents was a U.S. citizen at the time of his birth. His mother is a lawful permanent resident and his father naturalized on August 18, 1996.

3. <u>Derivation under Former INA § 321, 8 U.S.C. § 1432 (repealed 2001)</u>

Under former INA § 321, 8 U.S.C. § 1432, which applies to individuals who were born prior to February 27, 2001, and who met the requirements of this provision prior to its repeal on February 27, 2001, a child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

> (1) The naturalization of both parents; or
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

In this case, Petitioner does not derive citizenship because only one parent has naturalized, and both parents remain married. Accordingly, there is no probative evidence that Petitioner derives U.S citizenship pursuant to former INA § 321, 8 U.S.C. § 1432.

6

4. <u>United States Citizenship by Acquisition under INA § 301, 8 U.S.C § 1401</u>

An individual born abroad may automatically acquire U.S. citizenship through a U.S. citizen parent at the moment of birth, provided that his/her U.S. citizen parent was physically present in the United States for the requisite periods prior to the individual's birth. In determining whether an individual has acquired citizenship through his/her parent, the statute in effect at the time of the child's birth is generally controlling.

Neither of Petitioner's parents were United States citizens at the time of Petitioner's birth, and Petitioner does not make this assertion. Thus, Petitioner cannot have acquired U.S. citizenship from his parents.

Accordingly, Respondent respectfully requests the Petition be denied because there is no probative evidence that Petitioner acquired U.S. citizenship.

Dated April 13, 2020                              Respectfully submitted,

                                    **ARIANA FAJARDO ORSHAN**
                                    **UNITED STATES ATTORNEY**

By:   <u>Natalie Diaz         </u>
      NATALIE DIAZ
      ASSISTANT U.S. ATTORNEY
      Florida Bar No. 85834
      E-mail: Natalie.Diaz@usdoj.gov
      99 N.E. 4th Street, Suite 300
      Miami, Florida 33132
      Telephone: (305) 961-9306

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on April 13, 2020, I mailed a copy of the foregoing document to Petitioner at the address below.

By:   <u>Natalie Diaz         </u>
      NATALIE DIAZ
      ASSISTANT U.S. ATTORNEY

Samuel Duplessy
Krome Processing Center
18201 SW 12th Street
Miami, Florida 33194

7